IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANET TORKELSON, on behalf of herself and other persons similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. 12-1052-EFM |
| JIMICK PRODUCTS, INC, d/b/a BUY BACKS ENTERTAINMENT, a Kansas Corporation, JAMES BOUSHKA, personally and individually, JASON HINKLE, personally and individually, CHRIS KESTNER, personally and individually, and DAVID VANGORDER, personally and individually, | ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

### MEMORANDUM AND ORDER APPROVING ATTORNEY FEES

This lawsuit alleging violations of the Fair Labor Standards Act came before the Court on November 16, 2012 for a fairness hearing for approval of settlement. The proposed settlement involved a Common Settlement Fund for class members in the total amount of $56,500, plus a $2,000 Enhancement Payment to the named plaintiff. Defendants also settled an individual state law retaliation claim brought by the named plaintiff for $10,000. On that day, the Court entered an order finding the Settlement Agreement fair, reasonable and adequate, and in the best interests of the class members, and approved the same (although the settlement of the individual retaliation claim was not addressed by the Court's order). (Doc. 40.)

In connection with these matters, Plaintiff's attorney also filed a motion for approval of reasonable attorney fees (Doc. 38). Plaintiff's counsel requested approval of a fee award of

$50,000, noting that he has spent over 145 hours on the case, and co-counsel had spent over 103 hours.  Plaintiff's counsel's affidavit represented that his normal hourly rate was $250.00 an hour, although in this case he billed $300.00 an hour and co-counsel billed $250.00 an hour.  He claimed that such hourly rates are comparable with those typically awarded in class action and FLSA cases in the Kansas City area, although the Court notes that this case was filed in Wichita and plaintiff's counsel practices in Wichita.  Wichita rates tend to run somewhat below those in Kansas City.

Counsel claimed that his fee agreement with Plaintiff provided for a fee of 42.5% of the Total Settlement Amount, unless the amount of time invested exceeded the agreed upon contingency percentage, in which case he was to be compensated on an hourly basis.  Counsel also represented that his invested time did exceed that amount, but that he had reduced the hours recorded for this matter for reasonableness, and was only seeking compensation for the time he believed necessary for the efficient litigation of these claims.  Counsel acknowledged that the legal issues "were not exceptionally difficult" (although he noted that "several relatively complex legal arguments" were involved), but he represented that the initial investigation was "very labor intensive."  He also noted that this representation was undertaken on a contingency basis whereby he incurred all expenses and costs, spending time and resources on this case which could not be spent on other matters.

Defendant does not oppose Plaintiff's motion for fees.

The FLSA provides that the court shall allow "a reasonable attorney's fee to be paid by the defendant, and the costs of the action."[1]  The fee award is mandatory, although the court has

---

[1] 29 U.S.C. § 216(b)

discretion to determine a reasonable amount of the fee.[2]  A reasonable fee is determined by calculating a "lodestar amount" which is done by multiplying the number of hours reasonably spent, by a reasonable hourly rate.[3]  To determine a reasonable hourly rate, the Court determines what lawyers of comparable skill and experience practicing in the area in which the litigation occurs charge for their time.[4]  The fact that a case was taken on a contingency basis does not justify an enhancement of the calculated lodestar.[5]  Once the lodestar is determined, the Court must then determine whether any upward or downward adjustment should be made to the lodestar "to account for the particularities of the suit and its outcome."[6]  While the amount of damages recovered by plaintiffs is relevant to the amount of attorney's fees, no proportionality requirement exists.[7]

Traditionally, parties look to the *Johnson* factors to determine the reasonableness of a fee request.[8]  Those factors are: (1) time and labor required, (2) novelty and difficulty of question presented by the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10)

---

[2]  *Wright v. U-Let-Us Skycap Serv., Inc.,* 648 F. Supp. 1216, 1218 (D. Colo. 1986).

[3]  *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006).

[4]  *Case v. Unified School District No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998); *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

[5]  *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).

[6]  *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

[7]  *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986).

[8]  *Johnson v Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

"undesirability" of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases.[9]

The Court begins its lodestar analysis with the determination of the number of hours reasonably spent on this case. The Court will begin by noting that the submitted time sheets reflect 145.12 hours billed by lead counsel for a total fee of $42,186[10] and 103.55 hours billed by co-counsel at $200 per hour for a total fee of $20,710. However, counsel is not seeking an award of $62,896, the sum of these computed amounts, but only of $50,000. This reduction of 20.5% reflects counsels' own "reasonable and necessary for the efficient litigation" adjustment of their own billing statements, as they are required to do, and their reductions should be duly noted.

The Court's review of the billing sheets discloses numerous entries that are not properly chargeable. This includes initial research on the basic areas of law, or on basic pleading requirements. Time spent familiarizing oneself with the general area of the law is not properly billable to the client or, in the case of fee-shifting, an adversary.[11] The Court therefore reduces Mr. Hodge's time by 15 hours and Ms. Kahrs' hours by 13 hours. An excessive amount of time seems to have been billed for counsels' communications with each other, and these billings are duplicative. The Court therefore reduces Mr. Hodge's time by 3.5 hours and Ms. Kahrs' time by 5.0 hours. Mr. Hodge's bill includes nearly 2 hours of clerical matters, but the Court will assume that those hours were performed by the paralegal and permit them. Finally, the Court was puzzled by the redactions both counsel made to their submitted billing statements. Although it

---

[9] *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995).

[10] Although Plaintiff's motion for fees represents that a paralegal billed at an hourly rate of $100, it is impossible to determine from the format of the bills submitted to the Court what hours are attributed to the paralegal. Counsel represents that he has billed at $300 per hour, in which case his recorded time of 145.12 hours would represent a value of $43,536 instead of the $42,185 shown on the billing statement. The Court assumes that the difference of $1351 is attributed to the paralegal, who mathematically must have billed approximately 7 hours, but the Court is without any information allowing it to identify and segregate that time.

[11] *Case*, 157 F.3d at 1253.

4

was still able to determine what every time entry from Mr. Hodge represented (with minor and immaterial exceptions), Ms. Kahr's bill unaccountably has numerous entries for which all description has been redacted. In the absence of any indication of what these entries were for, the Court must reduce Ms. Kahr's bill by 19.7 hours. Accordingly, the Court finds that Mr. Hodge reasonably spent 118.12 hours on this case, his paralegal reasonably spent 7 hours[12] on this case, and co-counsel Ms. Kahrs reasonably spent 65.85 hours on this case.

The Court must next ascertain the reasonable hourly rate. Counsel submits billing at $300 per hour, and co-counsel at $200 per hour, and a paralegal at $100 per hour. As noted, these fees are justified by reference to experienced Kansas City counsel. The Court finds that the cited cases are not comparable. Not only is the legal market in Kansas City different than the market in Wichita, but the counsel in the referenced cases were more experienced in this type of litigation than counsel here. In consideration of the above factors, the Court finds that a reasonable rate is no more than $250 per hour for lead counsel, $175 per hour for co-counsel, and $100 per hour for the paralegal.

Accordingly, Court calculates the lodestar in this case as follows: For Mr. Hodge, 118.12 hours at $250 per hour for a lodestar fee of $29,530. For Mr. Hodge's paralegal, 7 hours at $100 per hour for a lodestar of $700. For Ms. Kahrs, 65.85 hours at $175 per hour for a lodestar of $11,523.75. Total lodestar fee: $41,753.75.

Having determined the lodestar, the Court must now consider whether any adjustment to that amount is necessary. Having considered customary adjustments which occur in similar matters, the Court finds that no adjustment is necessary here.

---

[12] Again, as noted above, this figure was not provided by counsel but has been computed mathematically, and Mr. Hodge's hours reduced by the same number.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reasonable Attorney Fees (Doc. 38) is granted in part and denied in part. The Court awards $41,753.75 in fees, apportioned in accordance with this Memorandum and Order.

IT IS SO ORDERED.

Dated this 19th day of December, 2012.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE